IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

ERIC MOSELEY,

        Plaintiff,

    v.

KAREN, BRETT WILKINSON, JAMIE RALPH,
TAMMY OBRIEN, TYLER TIMMERMAN,
DAKOTA REYNOLDS, PAIGE SLATER,
NAOMI MICHEK, JUSTICE OLMSTEAD,
ETHAN BODWAY, SARAH, and CAMERON,

        Defendants.

OPINION and ORDER

26-cv-28-jdp

---

    Plaintiff Eric Moseley, proceeding without counsel, is a prisoner at the Grant County jail. Moseley alleges that jail staff disregards prisoners' constitutional rights.[1] He has made an initial partial payment of the filing fee as directed by the court.

    The next step is for me to screen Moseley's complaint and dismiss any portion that is legally frivolous or malicious, fails to state a claim upon which relief may be granted, or asks for money damages from a defendant who by law cannot be sued for money damages. 28 U.S.C. §§ 1915 and 1915A. In doing so, I must accept his allegations as true and construe the complaint generously, holding it to a less stringent standard than formal pleadings drafted by lawyers. *Arnett v. Webster*, 658 F.3d 742, 751 (7th Cir. 2011). I conclude that Moseley's current allegations do not state any claims for relief. But I will give him a chance to file an amended complaint.

---

[1] The complaint initially included as plaintiffs six prisoners at the jail, but only Moseley made an initial partial payment of the filing fee for this case; the other plaintiffs have been dismissed from the case.

ANALYSIS

Moseley's allegations are far too brief and vague to state any claims for relief. He names 12 jail officials as defendants, but alleges only that they "[v]iolated more than one of our constitutional rights." Dkt. 1, at 6. This doesn't explain what any of the defendants did to harm him.

Federal Rule of Civil Procedure 8(a)(2) requires a complaint to include "a short and plain statement of the claim showing that the pleader is entitled to relief." Under Rule 8(d), "each allegation must be simple, concise, and direct." The primary purpose of these rules is fair notice. Stated another way, Moseley must "present a story that holds together" under the relevant law. *Taylor v. Salvation Army National Corporation*, 110 F.4th 1017, 1028 (7th Cir. 2024). Also, to state a claim against a particular defendant, Moseley must explain how they were personally involved in the constitutional deprivation. *See Colbert v. City of Chicago*, 851 F.3d 649, 657 (7th Cir. 2017).

Moseley's complaint doesn't come close to meeting these standards. Therefore, I will dismiss his complaint. But I will give him a short time to submit an amended complaint fixing these problems. In drafting his amended complaint, Moseley should be sure to:

- Carefully consider whether he is naming proper defendants and omit defendants who did not participate in a violation of his rights.

- Describe simply and concisely what actions he believes that each defendant took that violated his rights, using separate, numbered paragraphs.

If Moseley fails to submit an amended complaint by the deadline set below, I will dismiss the entire case. *See Paul v. Marberry*, 658 F.3d 702, 705 (7th Cir. 2011).

ORDER

IT IS ORDERED that:

1.  Plaintiff's complaint, Dkt. 1, is DISMISSED.

2.  Plaintiff may have until May 4, 2026, to submit an amended complaint.

Entered April 13, 2026.

BY THE COURT:

/s/

_____
JAMES D. PETERSON
District Judge